By the Court.
 

 Although the presentation of this case has resulted in extended discussion and the citation of numerous authorities, the question is clear and uninvolved when reduced to its lowest terms. Then too, the decision must be limited to the circumstances peculiar to this particular controversy.
 

 This is not a dispute between the insured and the two insuring companies. The latter concede the full coverage in the total sum of $30,000 — $20,000 on one policy and $10,000 on the other. They agree further that if either policy constituted the only coverage it then would be the obligation of that company to defend the insured and pay the entire amount of any judgment not in excess of the amount of the policy. The dispute arises solely by reason of the existence of the two policies. Is each company liable for its proportionate share of the total coverage for any judgment rendered? Or is the defendant company’s liability limited to any excess above the $10,000 named in the policy issued by the plaintiff company?
 

 First it must be observed that the coverage provided by the policy of the defendant company is general while that named in the policy issued by the plaintiff is specific. The latter is limited strictly to liability for bodily injury or death accidentally arising from operation of the truck. The former covers liability for
 
 *491
 

 any
 
 accidental bodily injury, including death, occurring anywhere on the premises of the insured. Hence, under the general rule the specific insurer is primarily liable.
 

 The second thing of importance to be noted is that the policy issued by the defendant company is the only one mentioning excess insurance. Although the policy covers generally all bodily injuries occurring ¡accidentally anywhere on the premises of the insured, it excludes any such injuries if caused by the truck on the premises at a time when there is other coverage on the truck. In that event liability is expressly limited to any excess above the maximum provided in the other policy. There is no contractual relation between the two insurance companies, and the defendant company was within its rights in issuing to the insured a policy containing this limitation. It is not contended that the plantiff company could not have ascertained this information when it later issued its policy.
 

 The judgment pf the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.