RANALLO v. HINMAN BROS. CONST. CO.
et al.

No. 20642.

District Court, N. D. Ohio, E. D.

Jan. 15, 1942.

which policy the insurer agreed: " * * * to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed on him by law for damages, including damages for care and loss of services because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident arising out of the ownership, maintenance or use of the automobile * * *."

And further that: "If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limits of liability of all valid and collectible insurance on such loss."

It was likewise issued an insurance policy on December 30, 1939, by the Buckeye Union Casualty Company, No. MCL-6663, in which the insurer, among its other agreements, contracted:

"Agreement I

Liability for Bodily Injuries or Death — To Pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons not employed by the Insured or to whom the Insured may be held liable under any Workmen's Compensation Law. This Coverage subject to the exclusions hereinafter expressed shall apply only:

(A) in so far as such injuries shall result from the business operations of the Insured disclosed in the Declarations * * *;

(B) in so far as such injuries occur at, within or upon the factories, shops, yards, buildings, premises or other specified work places of the Insured or upon the public ways immediately adjoining within the territory disclosed in Item 4 of the Declarations * * * all of which are herein called the 'Insured Premises,' but this enumeration shall not include public ways not immediately adjoining the Insured Premises which are occupied and used in common with others;

(C) in so far as such injuries occur elsewhere if caused by the disclosed business operations conducted on the Insured Premises described in said Declarations, or by

Paul P. Sogg, of Cleveland, Ohio, for Ranallo.

Alex Dombey, of Columbus, Ohio, and William M. Byrnes, of Cleveland, Ohio, for Buckeye Union Casualty Co.

Clinton M. Horn (of McKeehan, Merrick, Arter & Stewart) and Geo. Wm. Cottrell, of Cleveland, Ohio, for Hinman Bros. Const. Co. and United States F. & G. Co.

FREED, District Judge.

The plaintiff, Pat J. Ranallo, on November 25, 1940, was seriously and permanently injured by a truck driven and operated by the agent, servant or employee of the Hinman Brothers Construction Company while that company was engaged in the work of the relocation of Mayfield Road in Cuyahoga County in the State of Ohio.

He brought suit against the Hinman Brothers Construction Company, seeking to recover $75,000 for his injuries in the District Court of the United States for the Northern District of Ohio.

The Hinman Brothers Construction Company was issued an automobile insurance policy on June 21, 1940 by the United States Fidelity & Guaranty Company, No. AF-687869 with $25,000/$50,000 limits, in

employes of the Insured engaged in such operations who are required in the discharge of their duties to go off the Insured Premises; * * *."

And further described the operations of the insured covered by the policy of insurance in Item 4-B.

And further stated in its insurance contract under the title:

"Other Insurance    H. If the Insured has concurrent insurance covering against loss and/or expense covered by this Policy, the Insured shall not recover from the Company a larger portion of the entire loss and/or expense than the amount hereby insured bears to the total amount of valid and collectible insurance applicable thereto."

Notice of the accident was given by the Hinman Brothers Construction Company to both United States Fidelity & Guaranty Company and the Buckeye Union Casualty Company.

On April 17, 1941, the Buckeye Union Casualty Company addressed a communication to the Hinman Brothers Construction Company, its insured, in which it advised that it would assume no liability for the accident which had occurred, nor would it pay any judgment as a result of the said accident.

United States Fidelity & Guaranty Company, through its attorneys, undertook the defense of the suit and the record of this court shows, by its journal, the following disposition of the action in the case of:

"Pat J. Ranallo
v.
The Hinman Bros.
Construction Co.    } No. 20642 Civil

"Entered by Wilkin, J.:

"This day came the parties by their attorneys and a demand for a jury trial having been withdrawn, this cause came on for trial by the Court on the pleadings and the evidence. And the Court having heard the opening statements of counsel on behalf of the parties, and all the evidence adduced on behalf of the parties, and being advised in the matter, upon consideration thereof, does hereby enter judgment for the plaintiff in the sum of Fifteen Thousand ($15,000) Dollars.

" 'It is therefore considered and adjudged by the Court that the plaintiff recover of the defendant said sum of Fifteen Thousand ($15,000) Dollars so as aforesaid found due him by the Court, and that the defendant pay its own costs.' "

The foregoing judgment was entered on May 27, 1941, and on May 28, 1941, the court overruled a motion for a new trial.

Thirty days after the entry of the foregoing judgment by this court, to wit, on June 28, 1941, Pat J. Ranallo, by virtue of Sections 9510-3 and 9510-4 of the General Code of Ohio, filed a supplemental complaint in this court, making the Buckeye Union Casualty Company a new defendant in the suit seeking to recover $15,000 from it because of the judgment obtained.

Subsequently, on July 22, 1941, the Buckeye Union Casualty Company filed a third-party complaint, making United States Fidelity & Guaranty Company third-party defendant.

On July 26, 1941, the Buckeye Union Casualty Company filed its answer to the plaintiff's supplemental complaint.

On July 30, 1941, United States Fidelity & Guaranty Company filed its amended answer.

On August 1, 1941, the plaintiff filed his answer to the Buckeye Union Casualty Company's third-party complaint.

On October 13, 1941, the Buckeye Union Casualty Company filed its reply to the amended answer of United States Fidelity & Guaranty Company.

This matter came on before this court on the above-enumerated supplemental pleadings and the evidence.

In these pleadings the principal contentions of the parties and the evidence offered in an attempt to substantiate them were as follows:

The Buckeye Union Casualty Company contends: " * * * that said judgment was without knowledge of said Hinman Brothers Construction Co. and thus entered as aforesaid is not in fact the judgment of this Court but is merely the agreement of the said plaintiff and said United States Fidelity & Guaranty Co. with reference to their settlement and by reason of such agreement the said United States Fidelity & Guaranty Co. should be required to pay said judgment and that by reason of its said agreement both it and the said plaintiff are estopped from asserting any claim in this action against this answering defendant * * *."

And further contends that the premises upon which the injuries were sustained were not included in its policy of insurance and that: " * * * the United States Fidelity & Guaranty Co. desired to have it appear on the records of this Court that said cause was actually tried on its merits, when in truth and in fact it was not so tried, and to have it appear on the record of this Court that the judgment entered by this Court in favor of the plaintiff and against The Hinman Brothers Construction Co. was the judgment of this Court rendered after a full and complete hearing as upon the merits, when in truth and in fact said judgment was not the judgment of this Court but was entered by this Court in accordance with the agreement of the plaintiff and said United States Fidelity & Guaranty Co. and at their request * * *."

And further that: " * * * the plaintiff is estopped from attempting to collect said judgment or any part thereof in this proceeding from this defendant and this defendant further says that if any judgment is entered in this supplemental proceeding the same should be rendered only against said United States Fidelity & Guaranty Co. This defendant further says that the judgments enforcible under Section 9510-4 of the General Code of Ohio are only such as have been rendered after trial and not judgments entered by agreement as in this case * * *."

And further that: " * * * although plaintiff attempts to bring this action under and by virtue of the provisions of Section 9510-4 of the General Code of Ohio, this defendant avers that said Section 9510-4 of the General Code of Ohio contemplates actions on bona fide judgments rendered after trial; that the judgment which appears of record in this case was not a judgment rendered after the trial of said cause on its merits but was a judgment entered by agreement between the said plaintiff and said United States Fidelity & Guaranty Co. without the knowledge of said Hinman Brothers Construction Co., the sole purpose of which was to attempt, on the part of said plaintiff and said United States Fidelity & Guaranty Co., to force this defendant to pay a part of said claim, although this defendant is not legally obligated so to do * * *."

The Buckeye Union Casualty Company likewise contends that the insured has not complied with the provisions of the policy and therefore is not entitled to recover.

The plaintiff contends that having recovered a final judgment against the Hinman Brothers Construction Company he is entitled to recover against the Buckeye Union Casualty Company.

United States Fidelity & Guaranty Company contends that since there is a final judgment, that it and the Buckeye Union Casualty Company, being co-insurers under the terms of their respective policies, the judgment should be against both insurance companies and in open court offered to confess judgment in the sum of $8333.34.

On the above-recited facts, the first question to be determined by this court is: Has the plaintiff obtained a judgment upon which he may maintain a suit contemplated under Section 9510-4 of the General Code of Ohio?

Section 9510-4 reads as follows: "Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage to a person on account of bodily injury to his wife, minor child or children if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law."

It is clearly apparent from the reading of the statute that the condition precedent to the application of insurance money to a claim against an assured is the recovery of a "final judgment."

A final judgment is a judgment which brings a suit to a conclusion. It is a judgment which bars recovery in any other litigation between the same parties on the same claim.

There is nothing contained in the statute which would lead one to believe that in order to satisfy the requirements of the statute, a final judgment must be obtained as a result of a protracted trial where numerous witnesses appear and where the facts are bitterly contested by the opposing parties and where the judgment is rendered on a verdict of a jury reached after lengthy deliberation.

The statutory requirements of a final judgment may be satisfied by a judgment entered by a court as a result of an agreement between the parties (I do not infer that the facts in this case prove conclusively as contended, that this judgment was the result of a settlement between the parties). Its requirements may be satisfied by a judgment rendered on an agreed statement of facts. It may be satisfied by a default judgment or a judgment by confession.

In order to entitle a plaintiff to bring supplemental proceedings under Section 9510-4 against an insurer, all judgments entered on the journal of this court by the clear language of the statute must be regarded as final judgments until they are set aside by legal process, duly authorized, or unless it is shown that the judgments are void. In re Requirements for final judgment, see McAlpin Co. v. Finsterwald, 57 Ohio St. 524, 49 N.E. 784; Canen v. Kraft, 41 Ohio App. 120, 180 N.E. 277; Stacey v. Fidelity & Casualty Co., 114 Ohio St. 633, 151 N.E. 718.

Proceedings under this statute are very much in the nature of proceedings of judgment creditors against judgment debtors' debtors, or sometimes termed "creditors' suits."

In such proceedings it has been held repeatedly that the method of obtaining a judgment can not be questioned by the judgment debtor's debtor. See Bank of Wooster v. Stevens, 1 Ohio St. 233, 59 Am. Dec. 619, and Fahs v. Taylor, 10 Ohio 104.

The conclusion is inescapable that the plaintiff did obtain such a judgment against the Hinman Brothers Construction Company upon which he may base the instant proceedings.

The second issue to be determined by the court is two-fold:

(A) Is the Buckeye Union Casualty Company liable under its policy on the judgment?

(B) If it is liable, what is the respective liability of the Buckeye Union Casualty Company and the United States Fidelity & Guaranty Company?

The policy of the Buckeye Union Casualty Company (Plaintiff's Exhibit 1) agrees to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages.

The evidence is clear that notice of loss as provided in the policy was given the Buckeye Union Casualty Company as required in the policy. The insurer (the Buckeye Union Casualty Company) in its letter of April 17, 1941 (Plaintiff's Exhibit 3), to the insured, wrote: "In other words, The Buckeye Union Casualty Co. does not assume any responsibility for the above captioned accident and does not agree to pay any kind of judgment rendered in the above numbered case * * *." That letter indicated such finality of decision that any other communication or notice by the insured was a useless gesture, thoroughly meaningless and vain. The proof is adequate that the insured complied with the provisions of the policy in that respect.

The Buckeye Union Casualty Company points to the provision in the policy which reads: "No action shall lie against the company * * * until the amount of the Insured's obligation to pay shall have been determined, either by judgment against the Insured after actual trial * * *." The journal entry of this judgment (see above) as well as other evidence satisfies this court that that condition of the policy was fully met.

It is further urged that United States Fidelity & Guaranty Company entered into an agreement to settle the suit and hence discharged its primary liability, which relieved the Buckeye Union Casualty Company from any liability. The evidence, regardless of any suspicions indi-

cated by the Buckeye Union Casualty Company, does not justify such finding.

█ The objection is made that there is no evidence in this proceeding that the accident upon which the claim is based occurred on the "contractor's premises." There was offered in evidence by the plaintiff the transcript of the testimony in the original action by Ranallo against the Hinman Brothers Construction Company to which was attached as an exhibit a map showing where the accident occurred. There was likewise introduced the court's finding of facts and conclusions of law in which the description appears as to where the accident occurred. That evidence, as to the location of the accident, remains uncontradicted other than the suggestion that it was done to subject the Buckeye Union Casualty Company to liability, and is identical with the description given in Item 4-B of the Buckeye Union Casualty Company's policy. All of the foregoing lead to the finding that the Buckeye Union Casualty Company is liable to be subjected to the payment of the judgment against the Hinman Brothers Construction Company unless it is in part or entirely relieved by other insurance issued to the Hinman Brothers Construction Company.

As stated above, United States Fidelity & Guaranty Company offered to confess judgment in the sum of $8333.34, because of the policy issued by that company. It contends that the Buckeye Union Casualty Company is a co-insurer and therefore the judgment for $15,000 should be paid proportionately by the two insurers. It is to be noted that the Buckeye Union Casualty Company policy is a $20,000/$40,000 policy. The Buckeye Union Casualty Company claims that the insurance afforded by United States Fidelity & Guaranty Company is primary and that of the Buckeye Union Casualty Company is secondary and that the United States Fidelity & Guaranty Company insurance is specific and the Buckeye Union Casualty Company's is general and because of the terms of the United States Fidelity & Guaranty Company policy, in addition to the other reasons heretofore discussed, the Buckeye Union Casualty Company is not liable. The answer to this last question must be found within the pages of the respective insurance contracts written by United States Fidelity & Guaranty Company and the Buckeye Union Casualty Company and the law of Ohio applicable to the provisions set forth within them.

█ The liability policy of the Buckeye Union Casualty Company is dated December 30, 1939 and that of United States Fidelity & Guaranty Company, the automobile policy, is dated June 21, 1940. A careful examination of the contents of both policies discloses that in some instances at least, they cover the identical liability which may ensue. Both policies carry provisions of "other insurance" which in their meanings are identical and by which they both have agreed to be co-insurers. Although the policy of the Buckeye Union Casualty Company covers the insured for liability for any accidental injury on the insured's premises the natural and necessary implication of the "other insurance" clause, without some specific language to the contrary, is that in case of such liability as appears in the instant case, the two policies constitute co-insurance for the same liability.

█ These insurance contracts are clearly distinguishable from those that were in question in the case decided by the Supreme Court of Ohio in Trinity Universal Ins. Co. v. General Accident, Fire & Life Assur. Corp., 138 Ohio St. 488, 35 N. E.2d 836. In that case the liability insurance contract specifically stated that liability was expressly limited to any excess above the maximum provided in the other (automobile) policy. There the automobile insurer was definitely advised upon examination of the liability policy previously issued that the liability insurer was only secondarily liable. In the instant case, had United States Fidelity & Guaranty Company examined the insurance contract of the Buckeye Union Casualty Company at the time its (United States Fidelity & Guaranty Company) contract was written, it would have been advised from the "other insurance" clause that the two companies were to be co-insurers. This decision is not in conflict with the rule repeatedly expressed that the specific insurer is primarily liable and the general insurer secondarily liable. But where policies by their express terms indicate or imply that they are to be regarded as co-insurance contracts, the mere nature of the policies can not change the express terms of the insurance contracts. See Zurich General Accident & Liability Ins. Co. Ltd., v.

926

Clamor, et al., 7 Cir., Nov. 28, 1941, 124 F.2d 717.

Judgment will therefore be rendered on the supplemental complaint for the plaintiff against United States Fidelity & Guaranty Company in the sum of $8333.34; and against the Buckeye Union Casualty Company in the sum of $6666.66.