**Andrew C. COLEMAN, Plaintiff-Appellant,**

v.

**Bernard KIDNEY, Defendant,**

and

**American Employers' Insurance Company, Defendant-Appellee.**

No. 15273.

United States Court of Appeals
Sixth Circuit.

June 29, 1964.

———◆———

Argued by Harold H. Sayre, Cleveland, Ohio, Elmer I. Schwartz, Cleveland, Ohio, on brief, Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern, Cleveland, Ohio, Pokorny, Schrenzel & Pokorny, Brooklyn, N. Y., of counsel, for appellant.

Argued by Eben H. Cockley, Cleveland, Ohio, James E. Courtney, Cleveland, Ohio, on brief, Jones, Day, Cockley & Reavis, Cleveland, Ohio, of counsel, for appellee American Employers' Ins. Co.

Before MILLER and O'SULLIVAN, Circuit Judges, and PECK, District Judge.

PER CURIAM.

Plaintiff-Appellant was a Pullman porter on a Baltimore & Ohio passenger train, and suffered injuries when the train was struck and derailed by a diesel truck owned by one of the defendants, Bernard Kidney, and operated by his agent. Plaintiff-Appellant (hereinafter referred to as plaintiff) recovered a judgment against Kidney, and thereafter instituted a supplemental proceeding against the defendant-appellee insurance company to recover the amount of the judgment. That company will hereinafter be referred to as the "defendant" since the issues here present concern only the claim under the supplemental proceeding against it.

Such supplemental proceeding was filed under the provisions of Section 3929.06 of the Revised Code of Ohio, which reads as follows:

"Upon the recovery of a final judgment against any firm, person, or corporation by any person, including

administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, or for loss or damage to a person on account of bodily injury to his wife or minor child or children, if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment. *If the judgment is not satisfied within thirty days after it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file a supplemental petition in the action in which said judgment was rendered,* in which the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action." (Emphasis supplied.)

In his supplemental complaint, in order to satisfy the requirements of a proceeding under the statute, plaintiff alleged that his judgment remains "wholly unsatisfied, although more than thirty days has [sic] elapsed since the rendition thereof." In its answer, defendant admitted the allegation concerning the rendition of judgment in favor of plaintiff, but averred that it was "without knowledge or information sufficient to form a belief as to whether [said judgment remained in full force and effect and wholly unsatisfied]." Such an averment is provided for by Rule 8(b), Federal Rules of Civil Procedure, and under the Rule the averment "has the effect of a denial." Thus the question of satisfaction of the judgment was an issue under the pleadings. In a decision under the Ohio statute here involved it has been observed that the recovery of a "final judgment" is a condition precedent to the supplemental action. (Ranallo v. Hinman Bros. Const. Company et al., 49 F.Supp. 920 (N.D.Ohio 1942)). Clearly, the fact that plaintiff's judgment has remained unsatisfied for a period of thirty days is also a condition precedent to recovery in this exclusively statutory action, and the burden rested upon the plaintiff to prove this essential element of his case by a preponderance of the evidence. Having offered no proof on the point, he is therefore precluded from recovery.

Although not necessary to the conclusion here reached, observation is made of the fact that the prerequisite of the statute was specifically pointed out to the trial court during oral argument by citation and quotation. The trial judge then asked plaintiff's counsel whether he "cared to say any more," to which counsel responded negatively, and it thus appears that the point was not raised for the first time on appeal. However, the district judge did not pass upon that point but ordered judgment entered for the defendant on the ground that it was not liable under the terms of its indemnity contract with Kidney, the tort-feasor.

Comment on two additional points which are similarly unnecessary to our conclusion are offered for whatever future assistance it may be to the parties. The first is that while a final determination of the issues concerning coverage and estoppel cannot be here made because of inadequacies of the record, it clearly appears that had the tendered undisputed evidence been received these issues would here be resolved affirmatively to the defendant.

The remaining point is whether the announced policy requirements of the Public Utilities Commission of Ohio take precedence over an "inconsistent" ex-

clusion of a policy certified to the Commission pursuant to statute. Whether or not such an inconsistency existed, at the time of the subject collision Kidney was not an "authorized carrier" within the meanings of Sections 4923.11 and 4923.08 of the Ohio Revised Code, and his vehicle was not being used by an authorized carrier. Again, were we to here reach this point it would be resolved in favor of the defendant.

The judgment entered for the defendant on its motion at the conclusion of plaintiff's case is affirmed.