In re Mark Anthony KOZIOL, Debtor.

Mark Anthony KOZIOL, Plaintiff,

v.

H. P. HOOD, INC., Defendant.

Bankruptcy No. 4–81–00276–G.
Adv. No. 4–81–0261.

United States Bankruptcy Court,
D. Massachusetts.

April 2, 1982.

Frank J. Lafayette, Springfield, Mass., for plaintiff.

Daniel M. Crane, Goodwin, Proctor & Hoar, Joseph M. Szabo, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff-debtor in this case has admitted a liability to the defendant in the amount of $10,358.64, which claim is represented by a proof of claim by the defendant on file with the Court and by a default judgment in the Boston Municipal Court against the debtor prior to his filing for Chapter 13 relief. By his complaint, the debtor asserts a claim against the defendant for $6,074.59 for the defendant's failure to properly credit certain items on its account with the plaintiff. The defendant has moved for summary judgment on the claim, stating that the claim is one which is barred by the doctrine of *res judicata*, because it would otherwise be a compulsory counterclaim and should have been raised in the state court proceedings.

Pursuant to Bankruptcy Rule 756, Rule 56 of the Fed.R.Civ.P. is made applicable to all adversary proceedings in bankruptcy. Rule 56(b) provides:

> A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

Rule 56(c) further provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The facts which appear to be undisputed in this case, and which are material to the relief sought by the summary judgment motion, are as follows:

The plaintiff-debtor, Mark N. Koziol, entered into an agreement on June 23, 1977 with the defendant-creditor, H. P. Hood, Inc. ("Hood") for the distribution by the

debtor of Hood products. Under the terms of the agreement, the debtor was to receive certain profits from the sale of milk and related Hood products to his customers on that route. On April 23, 1980, the debtor and Hood entered into an "Agreement to Terminate Distributor's Agreement".

On the date of demand for termination of the Distributor's Agreement, the debtor admits that he was indebted to Hood in the amount of $10,358.64 for goods sold and delivered, but that Hood had breached its agreement on April 23, 1980 by wrongfully removing a customer from the debtor's route, thereby reducing the debtor's income and hampering his ability to repay Hood for the goods sold and delivered to the debtor. Further, the debtor argues that upon termination of the Distributor's Agreement, he was owed $1,115.86 by his customers, of which $1,074.59 was collected by Hood and never credited against the balance owed to Hood by the debtor. Finally, the debtor avers that he is entitled under the Distributor's Agreement to the value of the "goodwill" he had created and that the fair value of that "goodwill" was $5,000, and not $795.25 as was actually credited to him. Thus, although the debtor does not dispute the $10,358.64 which Hood claims is owing on goods sold and delivered pursuant to a Distributor's Agreement with the debtor, he does argue that under that agreement he was entitled to a credit of $6,074.59, of which he received only $795.25.

As a result of the above-situation, Hood brought suit on July 24, 1980, in the state court, seeking damages of $10,358.64 for goods sold and delivered. The debtor timely filed an answer to the complaint and a counterclaim seeking damages under Chapter 93A of the Massachusetts General Laws. The counterclaim alleged misrepresentations and a deceptive trade practice by Hood as to the formation of the Distributorship Agreement, but contained no reference to any allegations concerning amounts entitled to be set off against Hood's claim.

Thereafter, on March 24, 1981, the state court entered a judgment by default for Hood on its complaint and, upon Hood's motion, dismissed the debtor's counterclaim with prejudice. Whereupon, on April 8, 1981, the debtor commenced these proceedings under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301–1330, as amended by Pub.L. 95–598 (1978), and immediately thereafter, on April 9, 1981, filed an application to remove the state court proceeding to the bankruptcy court.[1] On motion to remand, this Court ruled that judgment had entered for Hood prior to the date of the filing of the petition, and therefore remanded the case to the state court for any possible further proceedings. Whereupon, on August 3, 1981, the debtor filed the instant complaint against H. P. Hood, Inc.

## DISCUSSION

While it is well-settled that the party moving for summary judgment has the burden of showing the absence of any genuine issue as to any material fact, *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720 (1st Cir. 1977), the only pertinent fact in this matter is that judgment had been previously rendered on the Distribution Agreement for Hood and against the debtor. The only remaining question of law, then, is whether that judgment is *res judicata* as to the issues put before this Court by the debtor's complaint. If the answer to the question is in the affirmative, then Hood would be entitled to judgment as a matter of law, even if the debtor could prove each and every allegation in his complaint.

As grounds for its motion, Hood argues that the debtor's claim in this Court was one which properly should have been raised in the state court as a compulsory counterclaim. Since it was not, Hood argues the claim should be barred by the doctrine of

---

1. It should be noted that after entry of the default judgment, the debtor moved to have it vacated. While that motion was pending, the bankruptcy proceeding was filed. Five days later, the state court denied the debtor's motion.

*res judicata.* The debtor counters that the claim is in form a permissive one which need not have been raised in the state court and which is not barred from further adjudication.

■ The rule of *res judicata* provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissable matter which might have been offered for that purpose." *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877).

The doctrine of *res judicata* reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion [citation omitted]. And it has gone through, if issues that were *or could have been* dealt with in an earlier litigation are raised anew between the same parties.
*Angel v. Bullington*, 330 U.S. 183, 193, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947).

*Res judicata* is a judicial doctrine which makes a final, valid judgment conclusive on the parties as to all matters, fact and law, that were or should have been adjudicated in that proceeding. *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); see generally, *Moore's Federal Practice*, vol. 1B, ¶ 0.405[1] at pp. 621–29 (2nd Edition 1980). The rule is one of general public policy designed to put an end to litigation so long as the judgment rendered is otherwise valid and on the merits of the case. *Heiser v. Woodruff, supra.* And while the rule was originally a local one, it is applicable to federal courts under the

"Full Faith and Credit Clause" of the Constitution and 28 U.S.C. § 1738, which implements the constitutional provision. *Davis v. Davis*, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938).

■ Under Rule 8(c) Fed.R.Civ.P., *res judicata* is an affirmative defense and is ordinarily raised by the pleadings. However, it is generally recognized that either a complainant or a defendant may make a motion for summary judgment, based on the *res judicata* effect of a prior judgment, if there is no genuine issue as to any material fact. Alternatively, *res judicata* may also be raised by a motion to dismiss under Fed.R. Civ.P. 12(b)(6) for failure to state a claim since the court may treat such a motion as one for summary judgment.

■ The party contending that a prior judgment is binding in a subsequent suit has the burden of proving that the requirements of *res judicata* are present. *Russell v. Place*, 94 U.S. 606, 24 L.Ed. 214 (1876). Here, the defendant has shown a final judgment[2], a judgment of dismissal on the debtor's counterclaim, which may also be deemed a final judgment[3], and has appended copies of its original complaint in the state court, as well as copies of the debtor's answer and counterclaim. From this the court can readily conclude what the issues were in the original proceeding and can rule on the motion for summary judgment[4].

■ The debtor's counterclaim in this instance is clearly one which arises out of the Distributor's Agreement between himself and Hood. Indeed, every aspect of his claim to a right of setoff is inextricably bound to the agreement between the parties. The liability as between the parties to the agreement has been previously litigated and finally adjudicated. The debtor's counterclaim can only be characterized as com-

---

**2.** A default judgment is nevertheless a final judgment, since the defaulted party has lost the right to appear or defend. *Ranallo v. Hinman Bros. Construction Co.*, 49 F.Supp. 920 (N.D. Ohio 1942), aff'd sub nom. *Buckeye Union Casualty Co. v. Ranallo*, 135 F.2d 921 (6th Cir. 1943), cert. den. 320 U.S. 745, 64 S.Ct. 47, 88 L.Ed. 442 (1943).

**3.** *United States v. Parker*, 120 U.S. 89, 7 S.Ct. 454, 30 L.Ed. 601 (1887).

**4.** Under Fed.R.Civ.P. 41(b), the involuntary dismissal of a claim, unless the judgment states otherwise, is an adjudication upon the merits.

pulsory since it arises out of the same transaction which was the subject of the earlier suit. See *Parmelee v. Chicago Eye Shield Co.,* 157 F.2d 582, 10 F.R.Serv. 13a. 11, Case 2 (8th Cir. 1946) which is almost directly on point. That claim should, and hereby is, barred from further litigation by the doctrine of *res judicata.* The motion for summary judgment is GRANTED, and the debtor's complaint is hereby DISMISSED WITH PREJUDICE.

