**Adiatu THOMPSON, M.D., Rosolu Thompson, Ph.D., Helen Thompson, Lovetta Thompson, and Christana Thompson, Plaintiffs–Appellants,**

**v.**

**Mary KAUFFMAN, Defendant–Appellee.**

Nos. 00–4044, 00–4155.

United States Court of Appeals, Sixth Circuit.

Feb. 19, 2002.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

PER CURIAM.

In this personal injury action, plaintiffs appeal the district court's entry of final judgment in their favor based upon defendant Mary Kauffman's confession of judgment in the amount of $2,000,000. Because the district court did not abuse its discretion in entering final judgment, we AFFIRM.

## BACKGROUND

The case arose from a car wreck in Ohio in 1995 when Kauffman lost control of her

---

vehicle and collided with an automobile driven by plaintiff Adiatu Thompson. Thompson suffered severe and permanent injuries as a result of the accident.

Plaintiffs filed this action seeking recovery for Thompson's medical expenses, pain and suffering, and loss of future income. In addition, Thompson's husband and her three children asserted claims for loss of consortium. Kauffman conceded liability for the accident.

Prudential Property and Casualty Insurance Company, Kauffman's insurer, intervened for the limited purpose of submitting a supplemental motion regarding application of Ohio law to the insurance contract. The district court held that Ohio Rev.Code § 3937.44 limits liability for all claims arising from a single bodily injury to the $100,000 limit set forth in the insurance policy's declarations section. Plaintiffs filed an interlocutory appeal, and this court affirmed the district court's ruling.

Upon remand, plaintiffs moved for a jury trial on the issue of damages. Thereafter, Kauffman filed a confession and order of judgment, confessing judgment in favor of plaintiffs in the amount of $2,000,000 under the condition that plaintiffs shall not enforce or attempt to enforce the judgment upon her personal residence. The district court approved Kauffman's confession, granted judgment in the amount of $2,000,000, and dismissed the case subject to plaintiffs' right to reopen the case to set the matter for a jury trial should plaintiffs collect $2,000,000 from Kauffman and learn that she has acquired assets in excess of $2,000,000.

## STANDARD OF REVIEW

The district court's entry of final judgment is reviewed for abuse of discretion.

---

\* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*See Owens Corning v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 257 F.3d 484, 491 (6th Cir.2001) (applying abuse of discretion standard based, in part, on the connection between the decision to grant a motion to enter final judgment and the trial judge's discretion in docket management). This court's inquiry is limited to whether the situation and circumstances affecting the case "clearly show an abuse of discretion, that is, arbitrary action not justifiable in view of such situation and circumstances." *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 267 (6th Cir. 2001) (quoting *NLRB v. Guernsey–Muskingum Elec. Coop., Inc.*, 285 F.2d 8, 11 (6th Cir.1960)). "Under the abuse of discretion standard, an appellate court may overturn a lower court's ruling only if it finds that the ruling was arbitrary, unjustifiable or clearly unreasonable." *Plain Dealer Publ'g Co. v. City of Lakewood*, 794 F.2d 1139, 1148 (6th Cir.1986).

## DISCUSSION

■ Plaintiffs contend that the district court erred in certifying its order as a final judgment under Rule 54(b) because the issue of damages had not been submitted to a jury. Rule 54(b) allows for entry of final judgment when "one or more but fewer than all of the claims or parties" in a multi-claim or multi-party action have been decided. Fed.R.Civ.P. 54(b). Here, the district court entered judgment pursuant to Rule 58, which provides for entry of final judgment as a matter of course when there are no further issues to be decided. *See* Fed.R.Civ.P. 58; *Owens Corning*, 257 F.3d at 497. Because Kauffman's confession of judgment resolved the issue of damages, no other issues remained to be decided; therefore, the district court properly entered judgment pursuant to Rule 58 rather than Rule 54(b).

Plaintiffs also argue that the district court's entry of judgment infringes upon their constitutional right to a jury trial. The Seventh Amendment preserves the right to a jury trial in all "actions at law dealing with legal rights," including actions for damages to persons. *Ross v. Bernhard*, 396 U.S. 531, 533, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

The district court recognized plaintiffs' constitutional right to a jury trial:

> The Court does not dispute that a plaintiff in a personal injury action is entitled to a jury trial on damages, but the circumstances surrounding this case render a jury trial a complete waste of judicial and citizen time. A judgment in the amount of $20,000, let alone the $2,000,000 judgment amount, would be uncollectible.
>
> Defendant Mary Kauf[f]man is a 67 year old retiree whose sole source of income is social security. It is undisputed that she and her husband have no assets beyond the equity in their family residence. Except for her home, Defendant has no other means of satisfying a judgment, and no prospects of earning or recovering any significant funds. Short of winning the lottery, Defendant is judgment proof.

In light of these circumstances, the district court imposed the following conditions on the judgment:

> *If at any time*, Plaintiffs collect two million dollars from Defendant and learn that Mrs. Kauf[f]man has acquired assets in excess of two million dollars, Plaintiffs may petition the Court to reopen the case to set the matter for a jury trial whereupon the Plaintiffs can attempt to prove damages in excess of two million dollars.

Kauffman argues that the district court's conditions adequately preserve plaintiffs' right to a jury trial.

The district court did not abuse its discretion in entering final judgment upon Kauffman's confession of judgment. Since Kauffman is a retiree with few assets, plaintiffs are unlikely to recover any money from her, let alone the $2,000,000 judgment amount. Under these circumstances, a jury trial on damages would be a waste of time. The district court sufficiently protected plaintiffs' right to a jury trial by imposing conditions on the judgment allowing the case to be reopened for a jury trial if plaintiffs collect their $2,000,000 judgment and learn that Kauffman has acquired assets in excess of $2,000,000. Based on the situation and circumstances of this case, the district court's entry of final judgment was not "arbitrary, unjustifiable or clearly unreasonable."

Plaintiffs further assert that they cannot access their underinsured motorist benefits without a jury verdict. The proceeds of a tortfeasor's automobile insurance policy must be exhausted before the right to underinsured motorist benefits accrues. *Ross v. Farmers Ins. Group of Cos.*, 82 Ohio St.3d 281, 695 N.E.2d 732, 735–36 (1998). Plaintiffs contend that a jury verdict is the only means of exhausting Kauffman's liability limit, claiming that under Ohio Rev.Code § 3929.06, "proceeds of an excess loss policy can only be applied and are only available when a final judgment has been entered against an insured." Under Ohio law, a "final judgment" includes not only a judgment based upon a jury verdict but also a judgment by confession. 60 Ohio Jur.3d *Insurance* § 1457 (1985) (citing *Ranallo v. Hinman Bros. Constr. Co.*, 49 F.Supp. 920, 924 (N.D.Ohio 1942), *aff'd*, 135 F.2d 921 (6th Cir.1943)). Accordingly, the district court's judgment in the amount of $2,000,000 exhausts Kauffman's $100,000 liability limit and allows plaintiffs to access their underinsured motorist benefits without a jury verdict.

AFFIRMED.