OPINION
{¶ 1} Appellant Nationwide Mutual Insurance Company ("Nationwide") appeals the decision of the Richland County Court of Common Pleas that found its policy was primary up to the policy limits of $100,000. The trial court also determined that policies issued by Federal Insurance Company ("Federal"), USFG Insurance Company, Inc. ("USFG"), Travelers Property Casualty ("Travelers") and Preferred Risk Mutual Insurance Company ("Preferred Risk") provided UM/UIM coverage on a pro-rata basis excess of the primary coverage provided by Nationwide. The following facts give rise to this appeal.
 {¶ 2} Appellee Donald Bertsch filed this lawsuit following the death of his mother, Mary J. Shenberger, in an auto accident on January 22, 1998. On the day of the accident, the decedent was riding as a passenger in an automobile operated by Tonya Marvin. Ms. Marvin failed to yield the right-of-way when crossing an intersection at U.S. 30 and State Route 603 in Mifflin Township, Ashland County. As a result of Ms. Marvin's negligence, her vehicle was struck by an oncoming truck operated by Lowell Bishop.
 {¶ 3} Subsequently, Ms. Marvin's insurer, United Ohio Insurance Company, tendered to the estate of the decedent the liability limits of $50,000 per person, as well as $5,000 in medical payments, in exchange for a release of liability on behalf of Ms. Marvin. Sandra Mecurio, Administrator of the Estate of Mary Shenberger, executed the release on April 11, 2000. Out of these proceeds, appellee received $12,382.25.
 {¶ 4} On the date of the accident, appellee was insured under an automobile liability policy of insurance issued by Nationwide. The Nationwide policy contains UM/UIM coverage in the amount of $100,000 per person and $300,000 per occurrence. Also on the date of the accident, Jane Bertsch, appellee's wife, was employed at Liquibox. Federal issued a Business Auto policy, to Liquibox, which included an Ohio Uninsured Motorists Coverage endorsement with limits of $1,000,000 each occurrence. Wendy Bertsch, appellee's daughter, worked at Good Shepherd Home on the date of the accident. Preferred Risk issued a Business Auto policy to Good Shepherd Home which included an Ohio Uninsured Motorists Coverage Endorsement with limits of $1,000,000 per occurrence. Also on the date of the accident, Travelers had in effect a Commercial Automobile Insurance policy issued to appellee's employer, Pentair, Inc. The policy included $3,000,000 combined single limit liability coverage, but purportedly rejected Ohio Uninsured Motorists coverage. Appellee's daughter, Lori Bertsch, was employed by Discount Drug Mart, Inc. Discount Drug Mart, Inc. was insured under a policy of insurance issued by USFG, which provided commercial auto coverage and UM/UIM coverage with a limit of liability of $1 million dollars.
 {¶ 5} Pursuant to the Ohio Supreme Court's holdings in Sexton v.State Farm Mut. Auto. Ins. Co.[1], Moore v. State Auto Ins. Co.[2], and Holt v. Grange Mut. Cas. Co.[3], appellee sought his own compensatory damages for the wrongful death of his mother under his own personal automobile policy issued by Nationwide. Upon request by Nationwide, appellee amended his complaint to include two insurance carriers, Federal and USFG. Nationwide filed a third-party complaint against Travelers and Preferred Risk.
 {¶ 6} The parties stipulated that appellee's total damages were $100,000. Thereafter, Federal, Preferred Risk, Travelers and USFG, referred to as the Scott-Pontzer[4] carriers, moved for summary judgment on the ground that their respective policies did not provide underinsured motorist coverage. In addition, these parties argued that even if their policies provided coverage to appellee, such coverage would be excess only and they would not be required to contribute until Nationwide exhausted its limits. Nationwide also moved for summary judgment. Nationwide argued the policies issued by the Scott-Pontzer
carriers should pro-rate with Nationwide to provide coverage to appellee.
 {¶ 7} On June 21, 2002, the trial court issued its judgment entry.[5] The trial court held that since Nationwide received a premium in consideration for its provision of UIM coverage and the Scott-Pontzer
insurers had not, the Nationwide policy was primary to its limits of $100,000. The trial court also determined that the policies issued by theScott-Pontzer insurers provided pro-rata coverage, but only excess of Nationwide's policy limits. Id.
 {¶ 8} Nationwide timely appealed the trial court's decision. USFG filed a cross-appeal. Federal assigned an issue on cross-appeal pursuant to App.R. 3(C)(2). The parties raise the following issues for our consideration:
"Nationwide's Assignment of Error"
 {¶ 9} "I. The trial court erred when it declared that the uninsured/underinsured motorist coverage provided by Nationwide is primary to the uninsured/underinsured motorist coverage provided under policies issued by USFG, preferred risk, federal insurance and travelers."
"USFG's Cross-Appeal"
 {¶ 10} "I. The trial court erred in holding that there was underinsured motorist coverage available to plaintiff under the USFG policy."
"Federal's Cross-Appeal"
 {¶ 11} "I. Alternatively, this court should affirm the judgment in favor of federal since bertsch breached federal's underinsured motorists conditions by (1) failing to promptly notify federal of his claim for underinsured motorists coverage and (2) failing to obtain the consent of federal to the settlement with and release of Tonya Marvin, thereby destroying federal's subrogation rights.
"Summary Judgment Standard"
 {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review Nationwide's assignment of error and USFG's and Federal's assignments of error on cross-appeal.
"Nationwide"
 I {¶ 15} In its sole assignment of error, Nationwide contends the trial court erred when it declared the UM/UIM coverage provided by its policy primary to the UM/UIM coverage provided under policies issued by the Scott-Pontzer insurers. We disagree.
 {¶ 16} In order to address Nationwide's sole assignment of error, it is necessary to review the "Other Insurance" provision of each policy at issue. Nationwide's Uninsured Motorist Coverage endorsement provides as follows concerning the availability of other insurance. "OTHER INSURANCE
"1. If there is other insurance for bodily injury suffered by an insured while occupying a motor vehicle other than your auto, our coverage is excess over any other collectible:
"a) insurance;
"b) self insurance;
"c) proceeds from a governmental entity; or
"d) sources of recovery other than workers' compensation benefits.
"However, this insurance will apply only in the amount by which the limit of coverage under this policy exceeds the total amount collectible from all the above noted recovery sources.
"2. If an insured other than you or a relative is a named insured or an insured household member for uninsured motorists or underinsured motorists coverage under another policy, our coverage is excess to any such coverage. Our coverage will apply only in the amount by which the limit of coverage under this policy exceeds the limit of coverage of the policy or policies under which such insured is a named insured or insured household member.
"3. Except as stated above, if there is other insurance similar to this coverage under any other policy, we will be liable for only our share of the loss. Our share is our proportion of the total insurance limits for the loss.
"4. In any event, if more than one policy applies, total limits applicable will be considered not to exceed the highest limits amount of any one of them."
 {¶ 17} The Travelers policy purportedly rejected Ohio Uninsured Motorists coverage. Nationwide maintains the rejection was not in effect at the time of the accident and was invalid pursuant to the requirements of the Ohio Supreme Court. The "Other Insurance" conditions for uninsured coverage reflect the following in Travelers' policy:
"If there is other applicable insurance available under one or more policies of provisions of coverage:
"a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.
"b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.
"c. If the coverage provided under this coverage form is provided:
"(1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.
"(2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis."
 {¶ 18} Federal's, Preferred's and USFG's Ohio Uninsured Motorists Coverage endorsements contain the identical language cited above concerning "Other Insurance" conditions found in Travelers' policy.
 {¶ 19} The interpretation of an automobile liability insurance policy presents a question of law that an appellate court reviews without deference to the trial court. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214; Alexander v. BuckeyePipeline Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. When interpreting an automobile liability insurance policy, if the language used is clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. Cincinnati Indemn. Co. v. Martin, 85 Ohio St.3d 604, 607,1999-Ohio-322. A clear, unambiguous underinsured motorist coverage provision is valid and enforceable as long as the provision is not "* * * contrary to the coverage mandated by R.C. 3937.18(A)." Moore, supra, at 28-29.
 {¶ 20} Nationwide maintains, based upon the above language and the nature of appellee's claim, all of the policies should be deemed primary along with the coverage provided by Nationwide. Nationwide argues theScott-Pontzer decision expands the scope of the four appellees insurance companies' policies to include appellee as an insured because either he or one of his resident family members was an employee of one of the corporate policyholders.
 {¶ 21} Further, the Ohio Supreme Court's decisions in the Sexton,Moore and Holt cases obligate both Nationwide and the Scott-Pontzer
insurers to provide coverage to Appellee Bertsch for this particular loss as a result of his relationship to the decedent, not his ownership, or lack thereof, of any vehicle. Therefore, Nationwide concludes the coverage under the Scott-Pontzer insurers' policies must be deemed primary, along with the coverage provided by its policy.
 {¶ 22} In support of its argument, Nationwide cites the case ofUnited Ohio Co. v. Bird (May 18, 2001), Delaware App. No. 00 CA 31. InBird, we held that where the word "you," under the policy provision stating "Who is an Insured," has been judicially defined, unless the policy of insurance provides a different definition, a court must apply the definition of "you" consistently throughout the policy. Id. at 10-11. Thus, having determined that the decedent was an "insured" under her employer's policy of insurance issued by Westfield pursuant to theScott-Pontzer decision, it was this definition of "you" that also applied to the "Other Insurance" provision of Westfield's policy. Id. at 10.
 {¶ 23} The "Other Insurance" provision provided, in pertinent part, as follows: "Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis." Id. at 8-9. Based upon this policy language, we concluded the "you" referred to in the "Other Insurance" provision included the decedent and since she owned the vehicle involved in the accident, Westfield's coverage was primary and not excess. Id. at 12.
 {¶ 24} Nationwide also challenges the trial court's reliance on the case of Trinity Univ. Ins. Co. v. Gen. Accident, Fire LifeAssur. Corp. (1941), 138 Ohio St. 488. In Trinity, the Court held that a specific insurer is primarily liable as opposed to an insurer that provides general coverage. Id. at 490-491. Relying on the Trinity
rationale, the trial court concluded that because Nationwide received a premium for UM/UIM coverage and such coverage did not arise by operation of law, Nationwide's coverage is primary up to the $100,000 limit. Judgment Entry, June 21, 2002, at 1.
 {¶ 25} We decline to accept the rationale set forth in Trinity. Instead, we find the better approach is to enforce the contracts of insurance, as written, giving the words of the policies their plain and ordinary meaning. The pertinent language we must interpret, in Nationwide's policy, provides, in pertinent part, as follows: "If there is other insurance for bodily injury suffered by an insured [Appellee Bertsch] while occupying a motor vehicle other than your [Bertsch's] auto, our coverage is excess * * *." Based upon this specific language, we conclude Nationwide's excess clause is not triggered because Appellee Bertsch was not occupying any motor vehicle at the time he received the injuries for which he now seeks coverage. Accordingly, Nationwide's excess clause would be triggered only when an insured receives bodily injuries while occupying a motor vehicle other than his or her own.
 {¶ 26} The pertinent language for our consideration, in theScott-Pontzer insurers' policies, provides as follows: "Any insurance we [Federal, Preferred Risk, Travelers and USFG] provide with respect to a vehicle you [Appellee Bertsch] do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis. Appellee Bertsch did not own the vehicle involved in the accident that gave rise to his claim for injuries. Therefore, the coverage provided by the Scott-Pontzer insurers is excess and not primary. We have previously interpreted this exact "Other Insurance" language in the case of Poulton v. Am. Economy Ins. Co., Stark App. Nos. 2002CA00038, 2002CA00061, 2002-Ohio-7214 and Bird, supra. Our current interpretation of the "Other Insurance" language in the case sub judice is consistent with the Poulton and Bird decisions.
 {¶ 27} Accordingly, Nationwide's UM/UIM coverage is primary up to its policy limits of $100,000. The policies issued by the Scott-Pontzer
insurers provide excess coverage. As noted above, the parties stipulated that appellee's total damages were $100,000. After setting off the amount Appellee Bertsch previously received from the estate of the decedent, appellee is entitled to receive, from Nationwide, $87,617.75.
 {¶ 28} Nationwide's sole assignment of error is overruled. We will not address USFG's or Federal's cross-appeals as our disposition of Nationwide's sole assignments of error renders the cross-appeals moot.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J., Edwards, J., and Boggins, J., concur.
Topic: Whether Nationwide Coverage is Primary or Excess.
[1] (1982), 69 Ohio St.2d 431.
[2] 88 Ohio St.3d 27, 2000-Ohio-264.
[3] 79 Ohio St.3d 401, 1997-Ohio-375.
[4] 85 Ohio St.3d 660, 1999-Ohio-292.
[5] Pursuant to Loc.R. 9(A)(1), Nationwide's brief was required to contain a copy of the trial court's judgment entry.