HARRIS, Appellant, et al.,

v.

MID–CENTURY INSURANCE COMPANY, Appellee, et al.

[Cite as *Harris v. Mid–Century Ins. Co.* (1996), 111 Ohio App.3d 399.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–95–16.

Decided May 30, 1996.

*Elk & Elk Co., L.P.A.,* and *Todd O. Rosenberg,* for appellant.

*Gallagher, Sharp, Fulton & Norman, D. John Travis* and *Gary L. Nicholson,* for appellee.

EVANS, Judge.

This is an appeal by Patricia Harris, on behalf of the estate of the deceased, Shawna Harris, from the judgment of the Court of Common Pleas of Crawford County granting the motion of defendant-appellee, Mid–Century Insurance Company ("Mid–Century"), for summary judgment and denying the motion by Harris ("appellant") for summary judgment.

This case stems from an accident that occurred on October 17, 1992, when Shawna Harris was a passenger in a car driven and owned by Jason L. Payne. While driving down State Route 37, Payne collided with another vehicle. Shawna Harris sustained injuries from the accident, resulting in her death.

At the time of the accident, Jason Payne did not possess his own insurance policy nor was his car covered under any other policy for liability coverage. However, Jason Payne was insured under his parents' insurance policy from Mid–Century because he still resided with his parents. While their policy did not

extend liability coverage to Jason since his car was not listed in the contract, he did qualify as an insured under the policy's uninsured motorists ("UM") provision. Therefore, Jason Payne's status while driving his own car was both that of an uninsured driver and an insured family member for purposes of UM coverage. Unable to recover damages from the uninsured tortfeasor, Jason Payne, appellant asserted a claim against Mid–Century under the uninsured/underinsured motorist provision of the policy purchased by Jewel and Leroy Payne.

In her original complaint, appellant argued that since Shawna was riding in a vehicle with Jason Payne, a person insured under the Mid–Century policy, she was eligible to recover under the policy's UM provision. Mid–Century denied that Shawna was covered under the Paynes' policy and filed a counterclaim and cross-claim seeking a declaratory judgment to that effect. Appellant filed an answer to the declaratory judgment action. Mid–Century then filed a motion for summary judgment. Appellant responded by filing a brief in opposition to Mid–Century's request and a motion for summary judgment in appellant's favor. The trial court granted Mid–Century's request for summary judgment and denied appellant's motion for summary judgment. Appellant now appeals to this court, asserting a single assignment of error:

"The trial court erred in granting Defendant–Appellee's motion for summary judgment, denying Plaintiffs–Appellants' motion for summary judgment, and holding that Shawna Harris, deceased, was not an insured under the Mid–Century Insurance Company's policy as a matter of law."

■ In her only assignment of error, appellant contends that Shawna Harris should be considered an insured person under the Paynes' Mid–Century insurance policy. Appellant has admitted that under the Paynes' policy definitions, Shawna does not qualify as an insured person; however, appellant argues that the provision in the policy excluding Shawna from coverage violates R.C. 3937.18 and is therefore unenforceable.

Under the Paynes' Mid–Century policy, the UM provision states:

"We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle." (Underlining sic.)

Furthermore, the term "insured person" as used in the UM section of the policy is defined as:

"a. You or a family member.

"b. Any other person while occupying your insured car.

"c. Any person for <u>damages</u> that person is entitled to recover because of <u>bodily injury</u> to you, a <u>family member</u>, or another occupant of <u>your insured car</u>." (Underlining *sic.*)

Under the contract language used in the policy, Shawna Harris did not qualify for UM coverage under the Paynes' policy. She was not the named insured in the policy or a family member. Furthermore, since Shawna was riding in Jason Payne's car, which was individually owned by him and uninsured, she was not a passenger in "your insured car" as defined in the policy. However, it is this clause which appellant claims is unenforceable. Appellant contends that the definition of an insured as "[a]ny other person while occupying your insured car" goes against the policy of Ohio insurance law and R.C. 3937.18.[1] Rather, in appellant's view, the fact that Shawna occupied a car owned by a insured person under the Mid–Century underinsured ("UIM") provision should be enough to guarantee her UM coverage under the policy.

Appellant relies essentially on *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, and *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, in support of her argument. In the *Martin* case, Gerald Martin was insured under a policy that listed two of his vehicles under its coverage. Martin was later injured in an accident while riding a motorcycle he owned that was not listed in his policy. When Martin tried to collect UM coverage through his policy, the insurance company refused payment, claiming that a clause in the policy excluding coverage for insureds injured while occupying vehicles not named in the policy barred any recovery. In striking down the exclusion, the Supreme Court of Ohio held:

"An automobile liability insurance policy provision which eliminates uninsured motorist coverage for *persons insured thereunder* who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." (Emphasis added.) *Id.* at paragraph three of the syllabus.

The Supreme Court in *Martin* relied heavily on its earlier decision in *State Farm Auto. Ins. Co. v. Alexander.* In *Alexander,* the Supreme Court struck down a policy clause that excluded, by its definition of an uninsured motor vehicle, any vehicle listed in the policy or regularly used by the insured. In that case, the insured was injured as a passenger in his own car and attempted to collect benefits from his insurer. The Supreme Court struck down the exclusion

---

1. The statutory version of R.C. 3937.18 applicable to this case is that of October 17, 1992, *i.e.* prior to the more recent amendment of R.C. 3937.18 by Am.Sub. S.B. No. 20, effective October 20, 1994.

since it deprived the insured of coverage for a claim against a UIM which is recognized under Ohio tort law.

Appellant's attempt to use *Martin* and *Alexander* to extend UM coverage to Shawna ignores glaring factual differences between those cases and the case at bar. Those factual differences reveal the fatal flaw in appellant's claim. Both the *Martin* and *Alexander* cases involve an insured being denied coverage because of a vehicle exclusion. In the case *sub judice*, Shawna Harris is denied coverage because she is not an insured under the Paynes' policy. The denial is not based on a vehicle exclusion.

The Supreme Court of Ohio has stated that R.C. 3937.18 is the yardstick by which all exclusions of UM–UIM coverage are to be measured. *Martin*, 70 Ohio St.3d at 481, 639 N.E.2d at 441. R.C. 3937.18 stated:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom * * *." (Emphasis added.) 142 Ohio Laws, Part I, 1661, 1739.

If the claimant is an insured under a policy with UM coverage, is injured by an uninsured motorist, and has a claim recognized by Ohio tort law, R.C. 3937.18 mandates coverage. *Martin*, 70 Ohio St.3d at 481, 639 N.E.2d at 441.

Under the Mid–Century policy, passengers only become insured persons, thereby receiving the benefits of a policy paid for by another, in limited instances. Passengers must be injured while in an insured vehicle to fit the "any other person" definition of insured person. Furthermore, while R.C. 3937.18 requires that UM coverage follow the insured and not the vehicle, it requires UM coverage only for persons insured under the policy. By definition, Shawna Harris was not an insured person under the Paynes' insurance policy nor does public policy or R.C. 3937.18 demand that UM coverage be provided in such cases. In conclusion, we uphold the judgment of the trial court granting Mid–Century's motion for summary judgment and overrule appellant's sole assignment of error.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., concurs.

SHAW, J., dissents.

SHAW, Judge, dissenting.

In *Watson v. Grange Mut. Cas. Co.* (1988), 40 Ohio St.3d 195, 196–197, 532 N.E.2d 758, 758–760, the Supreme Court of Ohio declared that "the public policy underlying R.C. 3937.18 is 'to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.' " In *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, paragraph one of the syllabus, the Supreme Court of Ohio held that "[p]ursuant to R.C. 3937.18, uninsured motorist coverage was designed by the General Assembly to protect persons, not vehicles." At paragraph three of the syllabus, the *Martin* court held that "[a]n automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." In reaching this conclusion, the *Martin* court relied on its prior decision in *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, holding that "[a]n automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." *Id.* at syllabus.

In this case, the majority has concluded that UM coverage should be denied because even though the driver was a named insured, the *car* he was driving was not an "insured car" as listed in section (b) of the UM language of the policy. By policy definition, had the car been listed in the policy, its occupant, Shawna, would be an "insured person" for purposes of UM coverage by virtue of being an occupant of an insured car. The only reason Shawna does not qualify for UM coverage under section (b), according to the majority, is because the vehicle is not an "insured vehicle" under this policy limitation. In my view, this is an exclusion of UM coverage based purely on the status of the vehicle and not based upon the tort liability as between the injured party and the insured driver. As such, the exclusion should be held invalid under the express holdings of the *Martin, Alexander* and *Watson* decisions.

Accordingly, because I believe the majority has failed to properly follow the syllabus law of the Ohio Supreme Court governing this case, I respectfully dissent. I would reverse the decision of the trial court and remand the cause with instructions to grant summary judgment for the appellant.