CRITELLI, Appellant,

v.

TIG INSURANCE COMPANY, Appellee.

[Cite as *Critelli v. TIG Ins. Co.* (1997), 123 Ohio App.3d 436.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006638.

Decided Oct. 15, 1997.

*Michael J. Duff,* for appellant.

*Clifford C. Masch,* for appellee.

SLABY, Judge.

Appellant, Raquel Critelli, appeals from the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of TIG Insurance Company ("TIG") in her declaratory judgment action to obtain insurance payment under an uninsured motorist policy provision. We affirm.

On May 1, 1992, appellant was riding as a passenger in a 1982 Mustang driven by her fiance, Charles Stottlemire, Jr. ("Charles Jr."). Appellant was injured when the driver lost control of the vehicle and struck a utility pole. Charles Jr. was the owner and operator of the vehicle, but he did not carry any automobile liability insurance. Appellant sought to present an uninsured motorist ("UM") claim against the TIG automotive insurance policy issued to the parents of the driver, Charles and Rosalie Stottlemire.

The named insureds on the Transamerica automotive liability policy issued by TIG were "Charles D. Stottlemire and Rosalie Stottlemire" of Lincoln Road, Lorain, Ohio. The only two vehicles named in this policy were a 1983 Ford Ranger and a 1994 Ford TRS. It is uncontested that the 1982 Ford Mustang involved in this accident was not a designated covered insured vehicle under the policy and it was not titled in the name of either of the insureds. Appellant and Charles Jr. were living at the Lincoln Road address with the Stottlemires at the time of the accident. Charles Jr. was not a named insured under his parents' policy and he did not carry his own insurance.

Appellant sought payment under the Stottlemires' UM coverage, claiming that she qualified as an insured by virtue of her status as a passenger in the automobile. Although the vehicle was not insured, she maintained that the insurance company was not permitted to exclude UM coverage to persons injured simply because a particular vehicle was not specifically listed in the policy.

TIG denied an obligation to pay, arguing that appellant did not, as a matter of law, qualify as an insured under the terms of the UM coverage provided in the policy. Both parties moved for summary judgment.

The trial court granted summary judgment in favor of TIG and dismissed the case, finding that there was no coverage for appellant under the insurance policy. Appellant timely appeals, raising a single assignment of error.

## ASSIGNMENT OF ERROR

"The trial court erred in granting summary judgment to [TIG] in that the non-insured vehicle exclusion violates the requirements set forth in Ohio Revised Code Section 3937.18."

■ A motion for summary judgment must be granted if the moving party demonstrates that there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C). See, also, *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193. Because only legal questions exist, no special deference is afforded the trial court upon a review of an entry of summary judgment and the matter is reviewed *de novo*. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064.

■ The parties agree that there is no factual dispute in the present case. Appellant contends that the trial court reached an erroneous legal conclusion by granting summary judgment in favor of TIG. We disagree with appellant and find she was not entitled to UM coverage under her fiance's parents' policy.

Appellant's primary argument upon appeal is that a provision in the insurance policy which excludes UM coverage for injuries sustained in "other owned vehicles" is invalid and unenforceable, based upon the Ohio Supreme Court's decision in *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438. Neither this court nor the appellee contests the fact that the *Martin* decision constitutes the established law in Ohio relative to the validity of an "other owned vehicle" exclusion. However, we find that *Martin* is inapplicable in this case because appellant was not an insured under the policy.

In the *Martin* case, Gerald Martin was seriously injured when an uninsured motorist struck the motorcycle he was riding. Martin carried insurance which provided liability and UM coverage on the two automobiles that he owned, but not on his motorcycle. Martin's claim for UM benefits was denied under a policy provision that excluded coverage for bodily injury to a person occupying a vehicle which was owned by the insured but not named in the policy.

In concluding that the policy's "other owned vehicle" exclusion could not negate coverage for injuries incurred in an owned but non-insured vehicle, the Ohio Supreme Court held:

"An automobile liability insurance policy provision which eliminates uninsured motorist coverage *for persons insured thereunder* who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid. (Emphasis added)." *Id.* at paragraph three of the syllabus.

Affirming its holding in *State Farm Auto. Ins. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, the Supreme Court stated that R.C. 3937.18 mandates UM coverage if (1) *the claimant is an insured* under a policy which provides

uninsured motorist coverage, (2) the claimant was injured by an uninsured motorist, and (3) the claim is recognized by Ohio Tort law. *Martin*, 70 Ohio St.3d at 481, 639 N.E.2d at 441.

Appellant's argument concerning the "other owned vehicle" exclusion addressed in *Martin* is not pertinent to the situation in this case. Appellant's claim was denied because *she was not an insured* under the policy. As noted above, the UM motorist provision is intended to protect persons, not specific vehicles, but only "for persons insured thereunder" and when "the claimant is an insured." *Martin, supra.* Appellant does not qualify as an "insured" as that term is defined under the TIG policy's UM coverage. The TIG policy defines an "insured" as:

"1. You or any family member;

"2. Any other person occupying your covered auto;

"3. Any person for damages that person is entitled to recover in which this coverage applied sustained by a person described in (1) or (2) above."

In considering the potential application of the first definitional subsection, the term "you" as used in the policy means "the 'named insured' shown in the declarations; or the spouse if a resident of the same household." The policy further states:

" 'Family Member' means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

The first definition of an insured under the UM provision includes the named insureds, Mr. and Mrs. Stottlemire, Sr., and their family. Appellant was not designated as a named insured on the declaration sheet, and she was not related to the named insureds.

The second definition of an insured encompasses "any other person occupying your covered auto." Again, "your" refers *to the named insureds*, Mr. and Mrs. Stottlemire, Sr., and references vehicles belonging to them. The policy denotes an extensive list of vehicles that constitute "your covered auto," including "any vehicle shown in the declarations," and newly acquired automobiles, pickups, vans, trailers, etc. And, under the *Martin* decision, the Mustang might have qualified for coverage, even though not listed in the declarations, *if it had been owned by the policyholders.* Under the TIG policy, the only nonowned vehicles that qualify for coverage would be those used as a temporary substitute for a regularly insured vehicle which was temporarily out of service due to breakdown, repair, servicing, loss, or destruction.

In order for appellant to qualify as an insured under this subsection, she would have had to establish either that she was occupying a vehicle shown on the declaration sheet, that she was occupying a vehicle owned by the named insureds, or that the vehicle she was occupying constituted a temporary substitute vehicle. Based upon the undisputed facts of this case, appellant was not able to establish any of the foregoing criteria.

The third and final definition of an insured person is intended to encompass derivative claims which "any person" may have as a result of an injury to an insured as defined in subsections (1) and (2). Inasmuch as there has been no injury to an "insured" as defined in these subsections, appellant does not have a claim under the third subsection.

Appellant does not qualify as an "insured" under any TIG policy provision. While appellant does not directly challenge the factual basis for TIG's position, she does assert that TIG's denial of UM coverage on the basis of the policy definition of an "insured" denies coverage in a situation which was determined to be insurable under *Martin*.

We have already established that *Martin* is distinguishable from the case *sub judice*. The several other cases cited by appellant are all distinguishable in that all of the claimants, although not direct policyholders, were able to qualify as an "insured" under the UM policies in question. See, *e.g.*, *Sabo v. MICO Ins. Co.* (1994), 70 Ohio St.3d 492, 639 N.E.2d 448[1] (plaintiff/passenger qualified as an insured under the policy by virtue of her designation as an additional driver under the policy); *McCoy v. W. Res. Mut. Lightning Rod Mut. Ins. Co.* (1994), 70 Ohio St.3d 488, 639 N.E.2d 446[2] (claimant qualified as an insured under her grandfather's policy by virtue of the fact that she resided with her grandfather); *Doan v. Continental Ins.* (Oct. 26, 1994), Summit App. No. 16460, unreported, 1994 WL 592555 (injured claimants were held to qualify as insureds in a policy which provided coverage for all residents of the named insured's household); *Farley v. Progressive Cas. Ins. Co.* (Feb. 21, 1992), Lucas App. No. L–90–323, unreported, 1992 WL 32111, reversed on other grounds, 64 Ohio St.3d 462, 597 N.E.2d 86 (1992) (where the Farley children were "insureds" under their mother's policy as family members).

Likewise, appellant's reliance on *Rogozinski v. Coronet Ins. Co.* (July 14, 1993), Medina App. No. 2166, unreported, 1993 WL 261485, in asserting that her status

---

1. Reversing *Sabo v. Mico Ins. Co.* (May 26, 1993), Summit App. No. 15875, unreported, 1993 WL 175529, òn the basis of *Martin v. Midwestern Group Ins. Co.*

2. Affirming *McCoy v. W. Res. Mut. Lightning Rod Mut. Ins. Co.* (June 14, 1993), Montgomery App. No. 13808, unreported, 1993 WL 211656, on the basis of *Martin v. Midwestern Group Ins. Co.*

as a passenger qualifies her as an insured, is also misplaced. In *Rogozinski*, this court held that "Rogozinski qualified as an 'insured' under [the] policy because he occupied an 'insured automobile' at the time of the accident." *Id.* at 6. As noted above, the Mustang in this case was not an insured vehicle.

Moreover, a claimant's attempted reliance upon *Martin* in the context of facts similar to the case at bar has previously been addressed and dismissed. In *Harris v. Mid–Century Ins. Co.* (1996), 111 Ohio App.3d 399, 676 N.E.2d 544, the Eight District Appellate Court wholly rejected this argument, stating:

"Appellant's attempt to use *Martin* and *Alexander* to extend UM coverage to [the passenger/claimant] ignores glaring factual differences between those cases and the case at bar. Those factual differences reveal the fatal flaw in appellant's claim. Both the *Martin* and *Alexander* cases involve an insured being denied coverage because of a vehicle exclusion. In the case *sub judice* [the passenger/claimant] is denied coverage because she is not an insured under [the] policy. The denial is not based on a vehicle exclusion. * * * By definition [the passenger/claimant] was not an insured person under [the] insurance policy nor does public policy or R.C. 3937.18 demand UM coverage be provided in such cases." *Id.* at 403, 676 N.E.2d at 546.

This court has also reached a similar conclusion in the case of *Wayne Mut. Ins. Co. v. Mills* (1996), 118 Ohio App.3d 146, 692 N.E.2d 213. In declining to extend far-reaching coverage to persons not even remotely related to the policyholder or in any way defined as an insured under the policy, we found that "[w]e cannot agree that the decisions in *Alexander* and *Martin* contemplated such a bizarre application." *Id.* at 155, 692 N.E.2d at 218.

Appellant does not qualify as an insured under the terms of TIG's UM coverage, and the cases relied upon by her are distinguishable from the case at bar. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DICKINSON, P.J., and QUILLIN, J., concur.