Appellant, Allstate Insurance Company, disputes the decision of Judge Nancy Fuerst, through a motion for summary judgment, that it must provide primary underinsured motorist coverage to claimant/appellee, Lori Gregory. It argues that Gregory is not an "insured" under its policy and, if found to be an insured, its coverage should be: 1) excess over that provided by appellee, Midwestern Indemnity Company; or 2) pro rata. For the following reasons we disagree and affirm.
On September 27, 1995, Gregory was a passenger in a 1977 Ford F250 pickup truck, owned and operated by Lorrie Accettola, traveling northbound on East 185th Street in Cleveland, Ohio. Near the intersection of Muskoka, Charles Spiva negligently caused the vehicle he was driving to collide with the pickup truck which impact resulted in severe injuries to Gregory. The pickup truck was not a described or covered vehicle on the declaration page of Accettola'S Allstate comprehensive automobile liability policy in effect at that time. That policy described, as covered, only three cars and a trailer, and provided underinsured motorist ("UIM") coverage with per person limits of $100,000. Midwestern, a part of the GRE Insurance Group, provided UIM coverage with a single limit of $100,000 per accident, through a policy of comprehensive automobile liability insurance issued to Gregory and in effect on that date.
The Spiva vehicle was insured by a State Farm Insurance Company policy with bodily injury liability per person limits of $50,000. After Gregory filed a lawsuit against Spiva, State Farm tendered an offer of $48,500 to her reflecting a substantial exhaustion of its per person liability limit. With the consent of both Allstate and Midwestern, Gregory accepted the offer, dismissed the suit, and reserved her rights to pursue claims for UIM benefits under the aforementioned policies. When both carriers declined to honor Gregory's claims, she named them as defendants in a declaratory judgment action filed April 24, 1997. She requested a declaration on which of the two would provide primary UIM coverage.
Midwestern answered, filed a counterclaim against Gregory and a cross-Claim against Allstate. Midwestern asserted that its UIM coverage was excess over that of Allstate and sought a declaration that it owed nothing to Gregory because its limits equaled that of Allstate. Allstate answered and filed a cross-claim against Midwestern stating Gregory was not an insured, Midwestern's policy was primary, Allstate owed nothing to Gregory because of equal UIM limits, and, at best, both policies should provide prorated coverage to Gregory. Both carriers filed motions for summary judgment. Finding that Allstate's UIM coverage was primary, Judge Fuerst denied Allstate's motion and granted Midwestern's.
 I.
Allstate's first assignment of error states:[1]
 WHETHER A PASSENGER IN A VEHICLE INVOLVED IN AN ACCIDENT IS ENTITLED TO UNDERINSURED MOTORIST BENEFITS UNDER THE DRIVER OF THE VEHICLE'S INSURANCE POLICY, WHEN THE PASSENGER QUALIFIES NEITHER AS AN "INSURED" NOR AS AN "ADDITIONAL INSURED" UNDER THE TERMS OF THAT POLICY.
Allstate submits that Gregory is not an insured person under Accettola's policy because she was not occupying an insured vehicle at the time of the accident. Its endorsement AU2311 (Ohio Amendment of Policy Provisions) replacing its standard Part V, Coverage SS, Uninsured Motorist Insurance Coverage provides in pertinent part:
An Insured automobile is a motor vehicle:
 1. you own. This includes any automobile you purchase: Appeal from the a) as a replacement for the owned motor vehicle.
 b) as an additional motor vehicle. You should tell us within 30 days after you acquire the additional motor vehicle and pay the additional premium, if any.
* * *
Definitions
* * *
 6. You" or "Your" — means the policyholder named in the Policy Declarations and that policyholder's resident spouse.
* * *
Coverage Agreement
 We will pay those damages which an insured person or an additional insured person:
 1. is legally entitled to recover from the owner or operator of an uninsured automobile, . . . because of bodily injury sustained by an insured person or an additional insured person. * * *
Insured Persons
1. you and any resident relative.
 2. any person while operating an insured automobile with your
permission.
 3. any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or a person operating your insured automobile with your permission.
Additional Insured Persons
 1. Any other person occupying, but not operating, an insured automobile.
* * *
The clear, plain, and ordinary meaning of "An Insured automobile is a motor vehicle you own" is exactly what it says. Accettola owned the 1977 pickup truck on September 1995, and, whether it was, or was not, a described or covered vehicle on the Allstate policy declaration page, it is an insured automobile. Because it is uncontroverted that Gregory was a passenger in that pickup truck and, therefore, occupying it during that accident, Gregory is an "additional insured person". The courts of Ohio have long held that insurance contracts, must be construed under the same rules as other written contracts and if the language is clear and unambiguous a court nay not resort to construction of that language. Hybud Equipment Corp. v. Sphere Drake Ins. Co. (1992),64 Ohio St.3d 657, 597 N.E.2d 1096. See, also, Olmstead v.Lumbermens Mutual Ins. Co. (1970), 22 Ohio St.2d 212,259 N.E.2d 123.
Allstate claims we should adopt a more restricted meaning to the term "you own." Allstate asks this court to graft onto this portion of its policy several general provisions supporting its intention that UIM coverage would only be extended to a vehicle listed on the declarations page for which a premium had been paid, unless it: 1) replaced a covered vehicle; or 2) was another vehicle added to the policy within 30 days after purchase. Its use of the phrase "This includes * * *," however, implies what follows is illustrative, not exclusive, and does not make the insured status of an owned automobile conditional. If the policy language is reasonably susceptible of more than one interpretation, it will be strictly construed against the insurer and liberally in favor of the insured. King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380.
Allstate suggests that Critelli v. Tig Ins. Co. 123 Ohio App.3d 436,740 N.E.2d 331; Wayne Mut. Ins. Co. v. Mills 118 Ohio App.3d 146,692 N.E.2d 213; and Harris v. Mid-Century Ins. Co. (1996),111 Ohio App.3d 399, 676 N.E.2d 544, would buttress its position. Its reliance on these cases is misplaced. Critelli and Harris each involve UIM claims by passengers in uninsured vehicles who claimed to be insureds under policies issued to their drivers' parents. Unlike the Allstate definition, Tig and Mid-Century unambiguously limit one's "insured" status under each policy by restricting the definition of an "insured" automobile. Wayne,supra, is a liability insurance dispute. The resident son of the policy holder was expressly excluded as an "insured" driver of his mother's car. The son owned a car, insured by Progressive Preferred Insurance Co., that was in storage for mechanical difficulties. While driving his mother's car, he lost control and injured and/or killed his passengers. Progressive successfully argued that it was not required to provide liability coverage. The son would have liability coverage only if he had been driving his own insured car or a non-owned car. His mother's car was not "non-owned" as expressly defined in the liability section of the policy.
The issue in the instant case involves a UIM claim under the driver's policy in which the policy language is, at worst, ambiguous. We, therefore, agree that Gregory is an "additional insured" as defined under the Allstate policy. The first assignment of error is overruled
 II.
Allstate's second assignment of error states:
 WHETHER, IN AN ACTION ARISING OUT OF A MOTOR VEHICLE ACCIDENT, PASSENGERS (sic) UNDER UNDER (sic) INSURED MOTORIST POLICY (sic) PRIMARY TO THAT OF THE DRIVER OF THE VEHICLE IN WHICH THE PASSENGER WAS RIDING?
It is the position of Allstate that "insureds" under its policy receive a different level of coverage than that received by "additional insured persons." Indeed it is specified twice in the policy that "additional insured persons" are only insured to an amount of compensation in excess of any similar coverage under another policy. On that basis Allstate directs Gregory to first seek UIM benefits from Midwestern and, when those limits are exhausted, to then seek benefits under the Allstate policy, only if the Allstate per person UIM coverage exceeds that of Midwestern — which it does not. This appears to be a matter of first impression.
R.C. 3937.18 in effect at the time of Gregory's injury provided in pertinent part:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons.
 (1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury * * *.
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance covering persons liable to the insured.
 (B) Coverages offered under division (A) of this section shall be written for the same limits of liability. No change shall be made in the limits of one of these coverages without an equivalent change in the limits of the other coverage.
* * *
 (G) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages, including but not limited to:
(1) Interfamily stacking * * *.
(2) Intrafamily stacking * * *.
(Emphasis added.)
Allstate's policy provides in pertinent part:
Additional Insured Person
* * *
 An additional insured person shall be insured only to the extent that the limits of liability for Coverage SS under this policy exceed the limits of liability for similar coverage under any other policy.
And in a later portion:
Limits of Liability
* * *
 An additional insured person shall be insured only to the extent that the limits of liability for Coverage SS under this policy exceed the limits of liability for similar coverage under any other policy. (Emphasis added.)
Allstate submits that this clause does not eliminate UIM coverage, per se, or reduce the coverage that might be available; it merely requires Gregory to recover under another policy providing her with UIM coverage: to wit her own Midwestern policy. Passengers who are not resident relatives under the Allstate policy are, therefore, provided with conditional and uncertain UIM coverage. R.C 3937.18 clearly mandates UIM coverage "which shall be in an amount of coverage equivalent to theautomobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury * * * suffered by any person insured under the policy * * *" In an attempt to insulate itself from primary UIM coverage for non-resident passengers, Allstate has abrogated its duty under R.C. 3937.18 to provide the mandated UIM "coverage".
This conditional UIM insurance clause is not even an "antistacking" provision authorized under R.C. 3937.10 (G). It does not preclude stacking of coverages, it makes Allstate's UIM coverage illusory. In the past the term "stacking" has been limited to mean the adding or lumping of payments, or the assemblage of coverage. Saccucci v. State Farm Mut. Automobile. Ins.Co. (1987), 32 Ohio St.3d 273, 276, 512 N.E.2d 1160. It is clear, however, that this definition has been sufficiently broadened to include the pyramiding of policies and coverage limits issued through the same company. Id.
We find the aforementioned policy provisions restricting coverage for an additional insured person to be void. State FarmAutomobile Ins. Co. v. Alexander, (1992), 62 Ohio St.3d 397,583 N.E.2d 309. Allstate cites Martin v. Midwestern Group Ins. Co. (1994),70 Ohio St.3d 478, 639 N.E.2d 438, to validate its restrictive language. We are not persuaded. That UIM case found the "other owned automobile" exclusion to be invalid. It never held, however, that a passenger must look to his own UIM carrier for primary coverage.
We now proceed to the remaining language in the Allstate endorsement.
If There Is Other Insurance
 If the insured person sustaining bodily injury was occupying a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess.
 This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will pay only the amount by which the limit of liability of this policy exceeds the limits of liability of that policy.
 If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorist coverage. We will bear our proportionate share with the other uninsured motorists benefits. This applies no matter how many autos or automobile policies may be involved whether written by Allstate or another company.
* * *
Midwestern's Ohio Uninsured Motorist-Underinsured Motorist amendments to the Gregory policy provide:
Other Insurance
 If other motor vehicle liability policies issued to you or a "family member" provide "uninsured/underinsured motorists" insurance and apply to the same accident, the total limit of liability under all such policies shall not exceed the highest applicable limit of liability under any one policy. Our share is the proportion that our limit of liability bears to the total of all such applicable limits.
 Subject to the above paragraph, if there is other "uninsured/underinsured motorists" insurance applicable to a loss covered under this Part, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all such applicable limits. Any insurance we provide under this Part with respect to a vehicle you do not own shall be excess over any other collectable "uninsured/underinsured motorists" insurance.
* * *
Because Gregory, as an "additional insured person," was occupying an "owned" vehicle, Allstate's express obligation is to provide her with UIM benefits on a pro rata basis with that of Midwestern. Midwestern, however, expressly states its UIM benefits are excess over Allstate's, when Gregory was not occupying a vehicle she "owned." These "Other Insurance" clauses of Allstate and Midwestern are virtual copies of the "Other Insurance" clauses in their respective liability sections. Such language was examined in Trinity Universal Ins. Co. v. GeneralAccident, Fire Life Assur. Corp. Ltd. (1941), 138 Ohio St. 488, an appeal from this court. That case involved a death due to a delivery truck operating on its own premises. Under the facts, the truck policy claimed pro rata liability coverage, the premises policy claimed its coverage was expressly excess. The court reiterated the general rule that the truck policy was strictly limited to injury arising from use of the truck, and, therefore, specific and primarily liable. of equal importance was the fact that while the premises policy provided coverage for any injury on the property, its liability was specifically excess if motor vehicles were involved. Motorists Mutual Ins. Co. v.Lumbermens Mutual Ins. Co., (1965), 1 Ohio St.2d 105,205 N.E.2d 67, whose syllabus is frequently cited, followed the same logic. We, therefore, find that Allstate must provide primary UIM coverage with Midwestern providing excess coverage.
We note that Baskin v. Allstate Insurance Company et al (June 17, 1998), Summit Co. App. No. 18653, unreported, shares similar facts and clauses as the case sub judice. Judge Slaby did not address the restricted UIM coverage provided to passengers under Allstate's policy, and, obviously, did not find it controlling, as we have determined. He also found Allstate's obligation primary and GRE's (Midwestern's) excess.
It is unnecessary to address Midwestern's arguments on whether we are evaluating "escape" or "super escape" provisions, or whether coverages are "similar" in light of our holding. The second assignment of error is overruled.
Judgment: affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; JAMES D. SWEENEY, J., CONCURSIN JUDGMENT ONLY.
 ____________________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E), unless a motion for reconsideration with supporting brief, per App.R. 26 (A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A)(1).
[1] "Appellant has mistakenly articulated the assignment of error in the customary format of a statement of issue.