This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Phoui and Jason Xayphonh (collectively "Appellants"), appeal from the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellee, Lumbermens Mutual Casualty Co. ("Lumbermens") and in favor of Appellee, St. Paul Fire and Marine Insurance Co. ("St. Paul"). We affirm.
 I.
{¶ 2} The underlying facts of this appeal are not disputed. On November 23, 2000, Phoui Xayphonh was involved in an automobile accident caused by the negligence of Richard Walker.[1] Phoui was operating a 1995 Nissan Pathfinder, titled in her name. At the time of the accident, Walker was insured by Hartford Insurance Co., with liability limits of $100,000 per person, and $300,000 per accident. Hartford paid Phoui the policy limits in settlement of her claims against Walker.
{¶ 3} At the time of the accident, Jason Xayphonh, Phoui's spouse, was employed by Caliber Mold Machine ("Caliber"), which was insured under a business automobile policy issued by Lumbermens. Cejae Xayphonh, Jason and Phoui's daughter, resided with the couple and was employed by Children's Hospital Medical Center ("Children's Hospital"). Children's Hospital was insured under a policy of insurance issued by St. Paul.
{¶ 4} On October 9, 2001, Lumbermens filed a declaratory judgment action in the Summit County Court of Common Pleas, seeking a declaration that Phoui was not covered under the business automobile insurance policy issued to Caliber. Appellants filed a counterclaim for declaratory judgment, arguing that they were insureds under the policy and were therefore entitled to uninsured and/or underinsured ("UM/UIM") coverage, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. Appellants then filed a third-party complaint for declaratory judgment against St. Paul, seeking a declaration that the insurance policy issued to Children's Hospital provides UM/UIM coverage by operation of law and that Jason and Phoui were entitled to coverage.
{¶ 5} Motions for summary judgment were filed by Lumbermens, St. Paul, and Appellants. On July 16, 2002, the trial court granted summary judgment to Lumbermens and St. Paul, and denied the appellants' motions for summary judgment. This appeal followed.
 II. Assignment of Error No. I. "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF, LUMBERMENS MUTUAL CASUALTY CO.'S MOTION FOR SUMMARY JUDGMENT, AND IN DENYING DEFENDANTS', PHOUI JASON XAYPHONH'S MOTION FOR SUMMARY JUDGMENT, ON DEFENDANTS' CLAIMS FOR UNDERINSURED MOTORIST COVERAGE UNDER PLAINTIFF'S INSURANCE POLICY."
{¶ 6} In their first assignment of error, Appellants challenge the trial court's grant of summary judgment to Lumbermens and the court's denial of their motion for summary judgment. Appellants argue that (1) the business automobile insurance policy issued to Caliber provides UM/UIM coverage by operation of law and (2) even if the policy does not provide UM/UIM coverage by operation of law, Jason and Phoui are insureds under the terms of the policy pursuant to Scott-Pontzer. For the reasons that follow, we find Appellants' arguments to be without merit.
{¶ 7} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
{¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 10} In its motion for summary judgment, Lumbermens asserted that Appellants were not insureds under the business automobile insurance policy issued to Caliber. Lumbermens argued that the policy is not ambiguous with respect to the definition of an insured for UM/UIM coverage, and therefore, Scott-Pontzer does not apply. In support of its motion, Lumbermens submitted an affidavit of a Senior Claims Analyst from the insurance company, incorporating a copy of the relevant insurance policy, and answers to interrogatories. The parties also filed joint stipulations of fact with the trial court.
{¶ 11} In their motion for summary judgment, Appellants argued that UM/UIM coverage arises by operation of law because the policy provides liability coverage for Jason as an insured, and there was no express offer of UM/UIM coverage to Jason or on his behalf. Appellants further argued that the UM/UIM coverage extends to Phoui, as Jason's spouse. Appellants also argued that even if UM/UIM coverage does not arise by operation of law, they are insureds pursuant to the terms of the policy. In support of this motion, Appellants also submitted a copy of the relevant insurance policy, properly authenticated by affidavit, and the joint stipulations.
{¶ 12} We begin with Appellants' argument that UM/UIM coverage applies by operation of law. Appellants assert that Jason is an insured under the liability policy and because there was neither an offer nor rejection of UM/UIM coverage to him or for his benefit, such coverage arises by operation of law. Appellants assert that Jason meets the definition of an insured in certain instances, and therefore, the policy must provide UM/UIM coverage for the same instances or the policy violates R.C. 3937.18. In essence, Appellants argue that the UM/UIM coverage must be equivalent in substance to the underlying liability coverage. Lumbermens responds with the argument that because its policy provides express UM/UIM coverage in the same amount as the liability coverage, such coverage cannot arise by operation of law and must be enforced pursuant to the policy's terms.
{¶ 13} "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, syllabus. The parties do not dispute that the version of R.C. 3937.18, as amended by Senate Bill 57, effective on November 2, 1999, governs UM/UIM coverage in this case.[2] That version provides that every automobile liability or motor vehicle liability insurance policy delivered or issued for delivery in Ohio must also offer UM and UIM coverage.
{¶ 14} A named insured may reject UM/UIM coverage, or may accept a reduction in policy limits; however, such a rejection must be in writing and signed by the named insured. See Martinez v. Travelers Ins. Co.
(Apr. 24, 2002), 9th Dist. No. 20796, at 8 (discussing Gyori v. JohnsonCoca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, Linko v.Indemn. Ins. Co. (2000), 90 Ohio St.3d 445, and amendments to R.C.3937.18). "When UM coverage is not part of a policy, such coverage is created by operation of law unless the insurer expressly offers it in writing and the insured expressly rejects it in writing before the time that the coverage begins." Schumacher v. Kreiner (2000), 88 Ohio St.3d 358,359-360, citing R.C. 3937.18 and Gyori, supra.
{¶ 15} Appellants' argument that UM/UIM coverage must be equivalent in substance to the liability coverage or the policy violates R.C. 3937.18 is without merit. R.C. 3937.18 does not require such a result. See R.C. 3937.18; Holliman v. Allstate Ins. Co. (1999),86 Ohio St.3d 414, 417. R.C. 3937.18 requires only that UM/UIM be offered and, if rejected completely or accepted in a reduced amount, the rejection or reduction must be in writing. See Gyori, 76 Ohio St.3d 565;Linko, 90 Ohio St.3d 445.
{¶ 16} The Lumbermens policy provides UM/UIM coverage in the same amounts as the liability coverage. UM/UI coverage was clearly offered to and accepted by Caliber, as evidence by the UM/UIM endorsement to the policy. Because the policy expressly provides UM/UIM coverage in the same amount as the policy's liability coverage, such coverage does not arise by operation of law. See Dalton v. Travelers Ins. Co., 5th Dist. Nos. 2001CA00380, 2001CA00393, 2001CA000407, 2001CA00409, 2002-Ohio-7369, ¶ 23; Alexander v. Seward, 4th Dist. No. 02CA2658, 2002-Ohio-6348, ¶ 17-19.
{¶ 17} Having determined that UM/UIM coverage arises out of the terms of the policy and not by operation of law, we now turn to the question of whether Jason and Phoui are insureds for purposes of UM/UIM coverage under the terms of the policy.
{¶ 18} If an insurance contract is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v. BuckeyeUnion Ins. Co. (1999), 135 Ohio App.3d 616, 627; Beaver Excavating Co.v. United States Fid. Guar. Co. (1998), 126 Ohio App.3d 9, 14. In interpreting insurance policies, as with other written contracts, we look to the terms of the policy to determine the intention of the parties concerning coverage. Minor v. Allstate Ins. Co., Inc. (1996),111 Ohio App.3d 16, 20. We must give the words and phrases in the policy their plain and ordinary meaning. Id., citing State Farm Auto Ins. Co.v. Rose (1991), 61 Ohio St.3d 528, overruled on other grounds, Savoie v.Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, paragraph one of the syllabus.
{¶ 19} The policy contains an endorsement entitled "Ohio Uninsured Motorists Coverage — Bodily Injury." The endorsement expressly provides that it changes the policy and modifies the business auto coverage form. For UM/UIM coverage, the endorsement provides the following definition for "Who is an Insured":
"1. If the Named Insured is designated in the Declarations as:
"a. An individual, then the following are `insureds':
"***
 "b. A partnership, limited liability company, corporation or any other form of organization, then the following are `insureds':
 "1) Anyone occupying a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
 "2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
{¶ 20} The named insured in this policy is Caliber Mold 
Machine, Inc., and it is identified in the Declarations as a corporation. Accordingly, the definitions of an insured contained in 1.b. apply. The policy language is quite different from the policy language in Scott-Pontzer. Unlike Scott-Pontzer, where the insurance policy listed only the corporation as the named insured, this policy specifically identifies who is an insured when the named insured is identified as a corporation. See Scott-Pontzer, 85 Ohio St.3d at 664. There is no ambiguity surrounding the definition of an insured; therefore, this Court need not reach a Scott-Pontzer analysis on the facts of this case.
{¶ 21} We will first analyze whether Phoui is an insured under the terms of the policy. Phoui is an insured if she was "occupying a covered `auto'" or was entitled to recover of damages for bodily injury sustained by another insured. Phoui is not attempting to recover damages for bodily injury sustained by anyone other than herself; therefore, only 1.b.1). applies, and she is an insured if she was occupying a covered auto.
{¶ 22} The Schedule of Covered Autos in the policy provides that the only covered autos for UM/UIM are designated by a symbol 06. Symbol 06 autos are "OWNED `AUTOS' SUBJECT TO A COMPULSORY UNINSURED MOTORISTS LAW." The definition further provides that:
 "Only those `autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those `autos' you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement."
{¶ 23} The policy provides that "[t]hroughout this policy the words `you' and `your' refer to the Named Insured shown in the Declarations." As previously noted, the named insured is Caliber. By the plain language of the policy, the only covered autos for UM/UIM coverage are those which are (1) owned by Caliber and (2) licensed or principally garaged in a state that requires an insured to carry UM coverage and which the insured cannot reject.
{¶ 24} It is undisputed that Phoui was driving a 1995 Nissan Pathfinder, titled in her own name. Accordingly, her injuries did not occur while she was occupying a covered auto because the Nissan Pathfinder was not owned by Caliber. The Lumbermens policy does not provide UM/UIM coverage to Phoui, as Phoui is not an insured under the policy.
{¶ 25} We now address Jason's status as an insured. Because Jason was not involved in the accident and his claim is based solely upon a loss of consortium, he will only meet the definition of an insured if he is entitled to recover for damages sustained by another insured. We have already determined that Phoui is not an insured under the policy. It therefore follows that Jason cannot meet the definition of an insured for UM/UIM coverage because he is not entitled to recover damages sustained by another insured. Jason is not an insured under the Lumbermens policy for UM/UIM coverage.
{¶ 26} Appellants have also argued that the provision limiting UM/UIM coverage to autos owned by Caliber is impermissible under Martinv. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478. In Martin, the Ohio Supreme Court held that "[a]n automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18
and is therefore invalid." Martin, at paragraph three of the syllabus. R.C. 3937.18 mandates UM coverage if "(1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." Id. at 481. "An exclusion that purports to deny such a claimant uninsured motorist coverage thwarts the purpose of R.C. 3937.18 and is invalid." Holliman v. Allstate Ins. Co. (1999),86 Ohio St.3d 414, 416. However, in order for Martin to apply, the claimant must be an insured under the policy. Critelli v. TIG Ins. Co.
(1997), 123 Ohio App.3d 436, 439.
{¶ 27} In Selective Ins. Co. v. Wilson, 5th Dist. No. CT2002-0009, 2002-Ohio-7388, the Fifth District Court of Appeals addressed the same argument as asserted by Appellants. The policy inWilson contained the same definition of an insured as the Lumbermens policy in the case sub judice. The court found that the policy in question did not eliminate UIM coverage for an insured, nor did it act as an illegal exclusion. Id. at ¶ 23. The court noted the distinction between an exclusion from coverage and a condition for coverage. Id., citing Luckenbill v. Midwestern Indemn. Co. (2001), 143 Ohio App.3d 501,506. The court therefore found that Martin did not apply, because the claimant did not establish that he was an insured under the terms of the policy. Id. at ¶ 23; see, also, Harris v. Mid-Century Ins. Co.
(1996), 111 Ohio App.3d 399, 403.
{¶ 28} We find this reasoning to be persuasive. Neither Phoui nor Jason can meet the first prong of Martin, as they are not insureds under the policy. Accordingly, Appellants' reliance on Martin is misplaced. Appellants' argument ignores the distinction between the definition of an insured and a term that excludes coverage under specified circumstances for an insured. "Nothing in R.C. 3937.18 or Martin prohibits the parties to an insurance contract from defining who is an insured person under the policy." Holliman, 86 Ohio St.3d at 416-417, citing Wayne Mut. Ins. Co.v. Mills (1996), 118 Ohio App.3d 146, 154. Therefore, we conclude that the policy does not act as an impermissible exclusion under Martin.
{¶ 29} Based upon the foregoing, we conclude that UM/UIM coverage does not arise by operation of law, and neither Jason nor Phoui are insureds under the Lumbermens UM/UIM policy. Accordingly, the trial court did not err in granting summary judgment to Lumbermens, nor did it err when it denied Appellants' motion for summary judgment. Appellants' first assignment of error is overruled.
 Assignment of Error No. II "THE TRIAL COURT ERRED IN GRANTING THIRD-PARTY DEFENDANT, ST. PAUL FIRE MARINE INSURANCE CO.'S MOTION FOR SUMMARY JUDGMENT, AND IN DENYING THIRD-PARTY PLAINTIFFS', PHOUI JASON XAYPHONH'S MOTION FOR SUMMARY JUDGMENT, ON THIRD-PARTY PLAINTIFFS' CLAIMS FOR UNDERINSURED MOTORISTS COVERAGE UNDER THIRD-PARTY DEFENDANT'S INSURANCE POLICY."
{¶ 30} In their second assignment of error, Appellants challenge the trial court's decision granting summary judgment to St. Paul and denying their motion for summary judgment. Appellants assert essentially the same arguments as to the St. Paul policy as they assert against Lumbermens. They argue that (1) the business automobile insurance policy issued to Children's Hospital provides UM/UIM coverage by operation of law and (2) even if the policy does not provide UM/UIM coverage by operation of law, Jason and Phoui, as the family members of an employee, are insureds under the terms of the policy pursuant to Scott-Pontzer. St. Paul asserts that UM/UIM coverage does not arise by operation of law and that Jason and Phoui are not insureds under the policy. Both parties submitted a properly authenticated copy of the insurance policy in effect at the time of the accident in support of their motions.
{¶ 31} The policy issued to Children's Hospital by St. Paul was in effect from June 1, 2000 to June 1, 2001. Therefore, the same version of R.C. 3937.18 applies to this policy as the Lumbermens policy, discussed previously. Like the Lumbermens policy, the St. Paul policy expressly provides UM/UIM coverage in the same amount as the liability coverage. For the same reasons as discussed in reference to the Lumbermens policy, we find Appellants' argument that UM/UIM coverage arises by operation of law to be without merit because UM/UIM coverage was accepted by Children's in the same amount as the policy's liability coverage.
{¶ 32} UM/UIM coverage arises out of the terms of the policy and not by operation of law; therefore, we turn to whether Jason and Phoui are insureds for purposes of UM/UIM coverage under the terms of the St. Paul policy issued to Children's Hospital.
 For UM/UIM coverage, the St. Paul policy contains the following provision:
"Who Is Protected Under This Agreement:
 "Individual. If the named insured is shown in the Introduction as an individual, the named insured and family members are protected persons.
"***
 "Partnership, limited liability company, organization. {¶ } If the named insured is shown in the Introduction as a partnership, limited liability company, organization, or any other form of organization, then the following are protected persons:
 "Anyone in an a [sic] covered auto or temporary substitute for a covered auto; and
 "Anyone for damages he or she is entitled to recover because of bodily injury to another protected person."
{¶ 33} Children's Hospital Medical Center of Akron is the named insured listed in the Introduction section of the policy, and it is identified as a corporation. Because the insured is an organization or corporation, the policy protects the insureds that are defined under the "Partnership, limited liability company, organization" section. This policy language differs from the policy language in Scott-Pontzer. UnlikeScott-Pontzer, where the insurance policy listed only the corporation as the named insured, this policy specifically identifies who is an insured when the named insured is an organization. See Scott-Pontzer,85 Ohio St.3d at 664. The definition of who is an insured when the named insured is an organization is not ambiguous. Therefore, this Court need not reach a Scott-Pontzer analysis on the facts of this case.
{¶ 34} According to the plain language of the policy, Jason and Phoui are entitled to UM/UIM coverage if they were in a covered auto or temporary substitute for a covered auto, or they are entitled to recover because of bodily injury to another protected person. The policy identifies a covered auto for UM/UIM coverage as "any owned auto," which is defined as "any auto that the named insured owns."
{¶ 35} The analysis of this policy is strikingly similar to the Lumbermens policy. Phoui is an insured under the UM/UIM endorsement if she is occupying any auto owned by the named insured, which, in this case, is Children's Hospital Medical Center. It is undisputed that Phoui was not operating an auto owned by Children's Hospital, but was operating her own vehicle. Accordingly, she is not an insured under the St. Paul policy. Because Jason's claim is based solely upon a loss of consortium, he will only meet the definition of an insured if he is entitled to recover for damages sustained by another insured. Phoui is not an insured under the policy; therefore Jason cannot meet the definition of an insured for UM/UIM coverage. Jason is not an insured under the St. Paul policy for UM/UIM coverage.
{¶ 36} Based upon the foregoing, UM/UIM coverage does not arise by operation of law, and Jason and Phoui are not insureds under the terms of the policy. The trial court did not err when it granted summary judgment in favor of St. Paul and denied Appellants' motion for summary judgment. Appellants' second assignment of error is overruled.
 III.
{¶ 37} Having overruled Appellants' two assignments of error, we affirm the judgment of the Summit County Court of Common Pleas.
SLABY, P.J. and BATCHELDER, J. CONCUR
[1] Walker was not a party to the declaratory judgment action, nor is he a party to this appeal.
[2] R.C. 3937.18 has since been amended, by 2000 Am.Sub.S.B. No. 267, effective September 21, 2000, and by 2001 Am.Sub.S.B. No. 97, effective October 31, 2001.